**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES EVERITT KING** | : | **CIVIL ACTION** |
| | : | **NO. 18-1439** |
| **v.** | : | **CRIMINAL ACTION** |
| | : | **NO. 09-211** |
| **UNITED STATES OF AMERICA** | : | |

**<u>MEMORANDUM</u>**

**SCHMEHL, J.**                                                                **APRIL 4, 2022**

Presently before the Court is the Petitioner's motion for the Court to reissue its Order entered on October 8, 2019, which denied the Petitioner's 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence, so that he can take a timely appeal from that Order. For the reasons that follow, the Court lacks jurisdiction to grant the requested relief.

On March 31, 2009, Petitioner was charged in a two-count Indictment with armed bank robbery in violation of 18 U.S.C.§ 2113(d) (Count One) and using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two). The charges arise from a bank robbery which occurred on July 26, 2008, at the Manufacturer's and Traders Trust Company ("M&T Bank") located in Lancaster County, Pennsylvania. The Indictment was assigned to the calendar of the late Honorable James Knoll Gardner.

Following a six-day jury trial, the jury returned a verdict of guilty on both counts of the Indictment on September 9, 2009. On September 15, 2009, Petitioner filed motions seeking judgment of acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal

Procedure and a new trial pursuant to Rule 33(a) of the Federal Rules of Criminal Procedure. By Opinion and Order filed on April 14, 2010, Judge Gardner denied both of these motions.

Because of Petitioner's classification as a career offender and the fact that he faced a mandatory consecutive sentence of seven years for his conviction under 18 U.S.C. § 924(c) (Count Two), Petitioner faced an advisory guideline range of 360 months to life. On April 14, 2010, Judge Gardner sentenced Petitioner to a total term of imprisonment of 384 months (300 months on Count One and 84 months on Count Two). The Court also imposed a term of supervised release of five years, restitution of $20,219.00 and a special assessment of $200.

On April 28, 2010, Petitioner filed a *pro se* appeal of his conviction to the United States Court of Appeals for the Third Circuit. On August 9, 2010, Petitioner's court-appointed trial counsel filed an *Anders*[1] brief, and a motion to withdraw as Petitioner's counsel. On August 11, 2010, the Court of Appeals entered an order referring the motion to the merits panel and granted Petitioner a period of 30 days within which to file a *pro se* brief on the merits of his appeal. Following the grant of an extension of time, Petitioner filed a *pro se* brief on November 3, 2010. The government responded on January 5, 2011. On April 28, 2011, Petitioner filed a *pro se* motion for appointment of new counsel.

On May 20, 2011, the Court of Appeals granted the *Anders* motion to withdraw as counsel as well as Petitioner's motion for appointment of new counsel. The Court of Appeals also found arguable merit for the appeal and relisted the case for disposition by

---

1 An *Anders* brief is a brief filed by a criminal defendant's court-appointed defense attorney who wants to withdraw from the case on appeal based on his belief that the appeal is frivolous. *See Anders v. California*, 368 U.S. 738 (1967).

another merits panel. On July 14, 2011, new counsel was appointed as CJA counsel for

Petitioner. On December 12, 2011, Petitioner's new counsel filed a supplemental brief on

behalf of the Petitioner.

By Judgment Order dated June 13, 2012, our Court of Appeals affirmed the

judgment of the District Court. The Petitioner did not file a Petition for a Writ of Certiorari

before the Supreme Court of the United States. It was not until nearly six years later on

April 4, 2018, that Petitioner filed a *pro se* motion to vacate, set aside or correct his

sentence pursuant to 28 U.S.C. § 2255. Due to the unfortunate passing of Judge

Gardner, the motion was reassigned to this Court.

In a Memorandum and Order that were entered on the docket on October 8, 2019

[ECF 79 and 80], the Court denied the § 2255 motion and declined to issue a certificate of

appealability.[2]  The docket entries reflect that a copy of the Memorandum and Order was

mailed to the *pro se* Petitioner and emailed, presumably to Petitioner's most recent CJA

counsel whose name and email address still appear on the docket. *Id.* The address listed

on the docket is Petitioner's current address. Petitioner did not file a timely motion for

reconsideration or file a timely notice of appeal.

The next docket activity did not occur until February 22, 2021, when Petitioner filed

a letter in which he requested that the Clerk furnish him with a copy of the docket sheet

and an update on the status of his § 2255 motion [Doc. 81]. A similar request was filed by

the Petitioner on November 2, 2021 [Doc. 82]. On November 2, 2021, the Clerk sent

Petitioner a copy of the last two pages of docket entries [ECF 83]. On December 6, 2021,

the Petitioner filed the current motion "to reissue order of October 8, 2019 to start clock on

---

2  The Court found that Defendant's § 2255 motion was filed way past the one-year statute of limitations for filing such a motion (28 U.S.C. § 2255(f)) and rejected Defendant's three reasons for tolling the statute of limitations.

right to appeal for cause shown" [ECF 84]. At the request of the Court, the government responded to the motion on March 14, 2022 [ECF 86].

Petitioner argues that he never received a copy of the Court's Memorandum and Order that were entered on the docket on October 8, 2019, due to the handling of legal mail by the "Bureau of Prisons mailroom staff or even during the transit in the United States Postal Service system." [ECF 84, p.1]. As a result, Petitioner claims that, through no fault of his own, he was prevented from filing a timely appeal from this Court's denial of his § 2255 motion.

Initially, the Court notes that it did not issue a certificate of appealability for our Order denying the Petitioner's § 2255 motion. Therefore, in order to proceed with an appeal, Petitioner would need to first obtain a certificate of appealability from our Court of Appeals. 28 U.S.C. 2253(c)(1).

Nevertheless, Rule 4(a)(1) of the Federal Rules of Appellate Procedure provides that a notice of appeal must be filed within sixty days after the entry of the judgment or order appealed from when, as here, one of the parties to the case is the United States. Fed.R.App. P. 4(a)(1). Since our Order denying Defendant's motion to vacate, set aside or correct sentence was entered on October 8, 2019, Petitioner has obviously missed the sixty-day time limit.

Rule 4(a)(6) of the Federal Rules of Appellate Procedure sets forth the ability of a district court to reopen the time to file an appeal under certain limited conditions. It states:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice

under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

Fed.R.App. P. 4(a)(6).[3] The time requirements of Appellate Rule 4(a)(6) are based in a statute, 28 U.S.C.§ 2107(c).[4]

Even if the Court were to find, *arguendo*, that Petitioner did not receive notice of the entry of the Court's Order entered on October 8, 2019 within 21 days after entry for purposes of Fed.R.App.P. 4(a)(6)(A), both the United States Supreme Court and our Court of Appeals have held that since time requirements of the Rule are based in a statute, the time requirements limits of Fed.R.App.P. 4(a)(6) are jurisdictional and therefore not subject to equitable considerations such as delay of prison officials. *Bowles v. Russell,* 551 U.S. 205, 213 (2007); *Baker v. United States*, 670 F. 3d 448, 456 (3d Cir. 2012).

---

3 Appellate Rule 4(a)(4)(A) provides, in pertinent part, that certain "timely file[d]" post-judgment motions, including motions to reconsider under Rule 59(e), serve to postpone "the time to file an appeal ... until the entry of the order disposing of the last ... remaining motion." Fed.R.App. P. 4(a)(4)(A). That Rule does not apply here since Defendant has not filed any post-judgment motions.

4  That statute provides, in pertinent part:

In addition, if the district court finds—

> (1) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry, and (2) that no party would be prejudiced,

the district court may, upon motion filed within 180 days after entry of the judgment or order or within 14 days after receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

In *Baker*, our Court of Appeals further rejected the prisoner's request to exclude time lost due to prison delay in calculating the 180-day limit of Rule 4(a)(6) holding that to read the term "entry" in Rule 4(a)(6)(B) to permit the exclusion of time lost to prison delay, "would completely eviscerate the plain language of 28 U.S.C. § 2107(c) and Appellate Rule 4(a)(6)(B), both of which set a clear 180-day outer limit on a motion to reopen." *Baker*, 670 F. 3d at 460.

Here, the Court's Order denying Defendant's § 2255 motion was entered on the docket on October 8, 2019. Because Petitioner did not take an appeal within 180 days from October 8, 2019, under the tenets of *Bowles* and *Baker*, the Court lacks jurisdiction to reopen the time for filing an appeal, regardless of any delay caused by prison officials.